UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALAM DANIEL,

                 Petitioner,

                                               Case Number 12-14548

v.                                           Honorable David M. Lawson

REBECCA ADDUCI, Detroit District Director,
Immigrations and Customs Enforcement,

                 Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

      This matter is before the Court on Salam Daniel's petition for a writ of habeas corpus under

28 U.S.C. § 2241.  Daniel was taken into custody by Department of Immigration and Customs

Enforcement (ICE) officials, and he asks the Court to order his expedited release under supervision

pursuant to section 241(a) of the Immigration and Naturalization Act; to compel a "closure to all

INS procedures, probation, fines, fees, etc." against him; and to "declare INS laws, procedures,

detention, etc. in this matter unconstitutional."  Daniel originally was detained in this District, but

now resides at the Calhoun County Jail in Battle Creek, Michigan.  He is confined there in ICE

custody awaiting deportation to Iraq.  The Court finds that Daniel has not advanced grounds

suggesting that he is in custody in violation of the Constitution or laws of the United States.

Therefore, the Court will deny his petition.

I.

      According to the petition and the government's response, in 1977, Daniel arrived in the

United States at the age of seven.  In 1990, Daniel was convicted in the Eastern District of Michigan

on firearm and drug charges.  He was sentenced to 90 months in prison and 18 months of supervised

release.  After his release, ICE took Daniel into custody and began deportation proceedings.  On September 18, 1995, an immigration administrative law judge ordered Daniel deported to his native country of Iraq pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act.  That provision makes deportable "[a]ny alien who is convicted of an aggravated felony at any time after admission."  8 U.S.C. § 1227(a)(2)(A)(iii).  Daniel appealed to the Board of Immigration Appeals and the Sixth Circuit.  Both appeals were dismissed.  On August 27, 1999, Daniel was released under ICE supervision, because the government was not carrying out any deportations to Iraq at the time.

The government asserts that on February 12, 2008, Daniel failed to report as required by the terms of his supervised release.  On August 19, 2011, Daniel went to the Detroit office of Citizenship and Immigration Services to seek a work authorization.  ICE officers arrested Daniel for his supervised release violation, and he resisted, assaulting several officers and damaging a government vehicle in the process.  The United States Marshal Service took Daniel into custody pending his trial for resisting arrest, assault, and destruction of government property.  On September 18, 2012, Daniel was convicted and sentenced to time served.  The Marshal Service released Daniel to ICE custody in Detroit on September 19, 2012, and he has remained in custody pending deportation since then.  ICE asserts that because deportations to Iraq are now proceeding, and ICE has requested travel documents from the Iraqi embassy, it is reasonably foreseeable that Daniel will be deported soon.

Daniel does not offer many facts in support of his petition.  He contends that ICE knew where he was and what he was doing during the time he is alleged to have evaded supervision, because he had contact with the Border Patrol and other customs agencies.  He resents the burden

of supervision, and he advances a plea common to many illegal aliens: he wants ICE to leave him alone and let him go about his life in America.  However, he does not raise any serious challenge to the final order of deportation.  He alleges he has been in "ICE custody" since his arrest in August 2011, but does not offer any evidence to contradict the government's timeline showing that for most of the past year he was actually in the custody of the Marshal Service awaiting trial on his resisting arrest and assault charges.  In part of his reply brief, Daniel complains about the conditions of his confinement, stating that ICE has (1) denied immigration detainees access to a law library; (2) housed detainees subject to civil deportation proceedings in a high security section of the jail along with state felons; and (3) denied adequate mental health care to detainees, including apparently denying Daniel access to his medication for ADHD.

Daniel filed his habeas petition on October 15, 2012.  On the following day, the Court ordered a stay of his deportation and ordered ICE to respond.  The government filed its response on October 30, 2012, and Daniel sent a letter to the Court shortly thereafter, which the Court construed as a reply brief in support of his petition and docketed on November 2, 2012.  He filed another letter reiterating his complaints and referencing some of the government's arguments, which was docketed today as a supplemental brief.  The government asserts that the petition lacks merit, the Court lacks jurisdiction to adjudicate it, and the deportation should be allowed to proceed.

II.

The government is correct, at least in part, with respect to its jurisdictional challenge. Federal district courts do not have jurisdiction over habeas challenges to an order of removal.  *Muka v. Baker*, 559 F.3d 480, 483 (6th Cir. 2009).  The sole means for judicial review of an order of removal is a petition for review in the appropriate court of appeals.  8 U.S.C. §§ 1252(b)(9), (g);

*Tilley v. Chertoff*, 144 F. App'x 536, 538 (6th Cir. 2005).  The Immigration and Naturalization Act makes clear that a district court may not review any question of fact or law relating to a deportation order:

> [A]ll questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).  Because the Court lacks jurisdiction to consider any challenge to Daniel's deportation order, it must dismiss all claims in the petition that take issue with the order itself.

The Court does have jurisdiction to consider the reasonableness of the length of post-removal-order detention.  *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).  There is no doubt that the Immigration and Nationality Act authorizes the detention of aliens pending removal.  *Polizio v. Jenifer*, 217 F. Supp. 2d 811, 815 (E.D. Mich. 2002).  "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  The 90-day period allowed under the statute begins, in the case of an alien confined for non-immigration reasons, on the date that the alien is released from confinement.  8 U.S.C. § 1231(a)(1)(B)(iii).  The INA requires that "[d]uring the removal period, the Attorney General shall detain the alien."  8 U.S.C. § 1231(a)(2).

The Court's jurisdiction to consider a petition for habeas corpus brought under 28 U.S.C. § 2241 by an alien in detention following a final order of removal is limited to determining "whether the detention in question exceeds a period reasonably necessary to secure removal."  *Zadvydas*, 533 U.S. at 699.  "[I]f removal is not reasonably foreseeable, the court should hold continued detention

-4-

unreasonable and no longer authorized by statute." *Id.* at 699-700. Confinement for six months or less is presumptively reasonable, but after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. The Court may order release only if it determines "that there is no significant likelihood of removal in the reasonably foreseeable future." *Ibid.*

Daniel's claims on this account must be dismissed because he has not been detained for an unreasonable period, and because the government has made a credible showing, which Daniel does not refute, that his removal is reasonably foreseeable. At the time he filed his petition, on October 15th, Daniel had been in ICE custody for less than 30 days. His detention is therefore well within the 90-day period specified by the INA and the six-month period of presumptive reasonableness under *Zadvydas*. Moreover, Daniel has offered no facts to rebut the government's argument that his removal is reasonably foreseeable.

Finally, the Court may not entertain Daniel's challenges to the conditions of his confinement while in ICE custody in the context of a petition for a writ of habeas corpus. Where a pleading states claims challenging only the conditions of confinement, it does not state a claim for relief cognizable under 28 U.S.C. § 2241. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Moreover, the Court should not attempt to construe the petition as a complaint for relief under 42 U.S.C. § 1983, but rather should dismiss the claims without prejudice in order to allow the petitioner to file a proper § 1983 action. *Ibid.*

III.

-5-

The Court lacks jurisdiction to review any final order of deportation, and it appears that Daniel has already had a full administrative and appellate review of his order. The Court does have jurisdiction to consider a petition challenging the length of detention pending deportation, but Daniel's present detention appears presumptively reasonable. Daniel's petition also complains about the conditions of his confinement, but he must file a proper complaint under 42 U.S.C. § 1983 if he wants to pursue those claims.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

It is further **ORDERED** that the order staying deportation [dkt. #2] is **VACATED**.

It is further **ORDERED** that the petition is **DISMISSED WITH PREJUDICE**, except those claim contesting conditions of confinement, which are **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  November 7, 2012

<div style="border:1px solid; background:#cccccc;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>