UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALAM DANIEL,

        Petitioner,

                                            Case Number 12-14548
v.                                                  Honorable David M. Lawson

REBECCA ADDUCI, Detroit District Director,
Immigrations and Customs Enforcement,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

The petitioner, Salam Daniel, filed an application for a writ of habeas corpus, asking the Court to order his expedited release from the custody of Immigrations and Customs Enforcement. The Court found that it lacked jurisdiction to review any claims challenging Daniel's final order of deportation; that the period for which he presently has been detained pending deportation is presumptively reasonable under applicable statutes and case law; and that his claims regarding the conditions of his confinement while in ICE custody must be brought in a civil complaint under 42 U.S.C. § 1983, and are not proper subjects for review in a habeas petition.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court now concludes that it lacks jurisdiction to review the petitioner's deportation order; that he has failed to show that he has been detained unreasonably or that his removal is not reasonably foreseeable; that he may not challenge the conditions of his confinement in a habeas petition; and that reasonable jurists could not debate the correctness of the Court's rulings on these points. Therefore, the Court will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Dated: November 7, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2012.

        s/Deborah R. Tofil
        DEBORAH R. TOFIL